United States District Court
Southern District of Texas

**ENTERED**

February 01, 2017

David J. Bradley, Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| WILMER RUIZ AMADOR, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-16-0983 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| *Respondent*. | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner, a state inmate proceeding *pro se*, filed a section 2254 habeas petition challenging his 2012 felony murder conviction. Respondent filed a motion to dismiss based on expiration of limitations (Docket Entry No. 9), to which petitioner filed a response (Docket Entry No. 11).

Having reviewed the motion, the response, the record, the pleadings, and the applicable law, the Court GRANTS the motion to dismiss and DISMISSES this case as barred by limitations.

### Background and Claims

Petitioner was convicted of felony murder and sentenced to twenty years' incarceration on March 26, 2012. His direct appeal was dismissed for want of jurisdiction, and no petition for discretionary review was filed. *Amador v. State*, No. 01-12-00337-CR, 2012 WL5458438 at *1 (Tex. App. – Houston [1st Dist.] Nov. 8, 2012, no pet.). Petitioner's

application for state habeas relief, filed with the trial court on December 1, 2015, was denied by the Texas Court of Criminal Appeals on March 9, 2016.

Petitioner filed the instant federal habeas petition no earlier than March 29, 2016, claiming that he was denied his right to counsel on appeal.

*Analysis*

This petition is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under AEDPA, federal habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1)  A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§ 2244(d)(l)–(2).

As stated, petitioner was convicted and sentenced on March 26, 2012, and his direct appeal was dismissed on November 8, 2012. No petition for discretionary review was filed. Thus, petitioner's conviction became final thirty days after dismissal of the appeal, on December 10, 2012. *See* TEX. R. APP. P. 68.2(A). Petitioner's federal one-year limitation expired on December 10, 2013. Because petitioner's application for state habeas relief was not filed until December 1, 2015, it did not toll federal limitations, and the instant federal petition is untimely. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

Petitioner argues in this federal petition that he "was so deprived of a constitutional right as to overcome any bar." (Docket Entry No. 1, p. 9.) He cites no authority supporting this pat proposition, and the Court finds none. Petitioner also argues that prison officials misled him to believe his appeal was still pending as of August 26, 2015. In support, he attaches a copy of a prison records office time credit sheet dated August 26, 2015, which reflected his time served, parole time credits, work/good time credit, and sentence expiration date. The report also reflected work/good time credit loss, which was "00000 days." Petitioner drew an arrow to a portion of the report form that stated, "*This inmates [*sic*] case

3

is on appeal," which he interpreted as meaning the direct appeal of his state criminal conviction remained pending.[1]

The Court is not persuaded by petitioner's argument. The intermediate state court of appeals itself had notified petitioner at his address of record that it issued an opinion in his appeal on November 8, 2012. Moreover, the purpose of the prison time credit sheet was to inform prisoners of relevant time calculations regarding their prison sentences, and not to advise them as to the status of external court litigation. The form did not report that petitioner's state court appeal remained pending, nor did it identify any specific "case." Petitioner does not allege that any prison or state official told him that the term "case" referred to his state court appeal. Simply put, petitioner unilaterally misinterpreted or misunderstood the time credit sheet.

Regardless, petitioner's allegations regarding the time credit sheet provide him no benefit. The federal one-year habeas limitation is governed by statutory and equitable factors. The statutory provisions – sections 2244(d)(1)(A) through (D) – are circumscribed, and have no application to petitioner's particular allegations. In particular, petitioner cannot successfully argue under section 2244(d)(1)(D) that the time credit sheet stood as an unconstitutional State-created impediment that prevented his timely habeas filing. The time

---

[1]Given its location under the "good time lost" entry, the term "case" would appear to reference a *disciplinary* case, not the judicial appeal of a state criminal conviction. Moreover, there is no corresponding asterisk in the text material to which this phrase applies.

credit sheet was neither unconstitutional nor did it prevent petitioner's timely filing, as he received it well after expiration of limitations.

Likewise, petitioner is not entitled to equitable tolling. To merit equitable tolling, a petitioner must show that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented him from filing a timely petition. *McQuiggin v. Perkins*, ___U.S. ____, 133 S. Ct. 1924, 1928 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010). The Court need go no further in this analysis than to again note that petitioner received the time credit sheet after expiration of limitations; accordingly, it did not prevent his timely filing. Petitioner's arguments in his petition afford him no basis for timeliness.

In his response to the motion to dismiss, petitioner asserts new arguments in further effort to negate the limitations bar. He now argues that the Estelle Unit had an inadequate law library for inmates because state, federal, and Supreme Court reporters were replaced with computerized versions not readily available to inmates. He states that this resulted in his inability to research, draft, and file timely applications for state and federal habeas relief. Petitioner claims entitlement to equitable tolling as well as application of section 2244(d)(1)(B), either one of which could render his federal petition timely filed.

For purposes of equitable tolling, petitioner must demonstrate that he diligently pursued his legal rights from November 8, 2012, through the date he filed his federal petition.

Of particular significance is petitioner's diligence, if any, from November 8, 2012, to December 1, 2015, when he filed his application for state habeas relief. However, nothing in the record shows that petitioner took any action regarding his conviction during that time frame. Moreover, the Fifth Circuit Court of Appeals has held that "an inadequate law library does not constitute a 'rare and exceptional' circumstance warranting equitable tolling." *Scott v. Johnson*, 227 F.3d 260, 263 at n. 3 (5th Cir. 2000). Thus, petitioner's allegations and the record do not evince his entitlement to equitable tolling.

Petitioner fares no better in his reliance on section 2244(d)(1)(B). Under the statutory time-bar reset provision of section 2244(d)(1)(B), the one-year limitation commences on the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action. As acknowledged by the Fifth Circuit, "The requirements for this restart are understandably steep." *Wickware v. Thaler*, 404 F. App'x 856, 862 (5th Cir. 2010). In order to invoke section 2244(d)(1)(B), petitioner must show that: (1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law. *Id.* Moreover, these requirements imply an element of causality and materiality with respect to a petitioner's ability to file a habeas petition. Thus, a petitioner "must also show that . . . [the impediment] *actually* prevented him from *timely* filing his habeas petition." *Krause v. Thaler*, 637 F.3d 558, 561 (5th Cir. 2011) (emphasis added). Consequently, petitioner here must show that the lack of physical reporter volumes in the law

6

library prevented his *timely* filing – that is, it prevented his filing on or before December 10, 2013.[2]

> Petitioner states in his response to the motion to dismiss as follows:

> The Constitutional inadequacy of the Estelle Unit law library directly contributed to [my] delay in filing [my] state petition for habeas corpus relief, because there were no case reporters [I] could use to determine if [I] had a claim with merit[.]

> [I do] not know when the state, federal, and Supreme Court reporters were removed from the Estelle law library.  Nor [am I] required to know; the AEDPA only refers to a time in which an impediment to filing created by the state is *removed*.  Because the state-created impediment [I referred to] still exists, that is the only showing AEDPA requires of [me].

(Docket Entry No. 11, p. 3, original emphasis.)

Petitioner statement of the law is incorrect.  It is not enough that he allege that, at some undisclosed point in time, the Estelle Unit law library removed physical copies of reporter volumes and that they currently remain unavailable.  Rather, he must show that the lack of the legal materials actually prevented him from timely filing his habeas petition.  Because neither petitioner nor the record establishes that this alleged State-created impediment existed as of December 10, 2013, petitioner does not show that an inadequate law library at the Estelle Unit actually prevented his filing of a timely habeas petition.

---

[2]For purposes of this proceeding, the Court will assume, without finding, that replacement of the physical reporter volumes with a computerized on-line system was an unconstitutional State-created action.

More importantly, petitioner's own allegations show that he was able to file an application for state habeas relief during the existence of the alleged State-created impediment. He claims that he does not know when the impediment arose, but states that it "directly contributed to [my] delay in filing [my] state petition for habeas corpus relief." This could indicate that the impediment existed as of December 10, 2013, and continued unabated through the date of his instant response in 2016. Because the impediment would have existed as of December 1, 2015, when petitioner filed his application for state habeas relief, he cannot claim that the impediment prevented his pursuit of judicial relief. *See Felder v. Johnson*, 204 F.3d 168, 171–72 (5th Cir. 2000) (holding that section 2244(d)(1)(B) has no application if a petitioner was able to seek habeas relief during the existence of an alleged state impediment). Because petitioner filed both state and federal habeas petitions during the existence of the alleged impediment, he cannot successfully claim that this same impediment prevented his *timely* filing. If the impediment existed as of December 10, 2013, and continued unabated, then this same impediment did not prevent petitioner's filing a habeas petition on December 1, 2015. Petitioner does not show why he could file an untimely habeas petition in 2015 but not file a timely petition in 2013, when the same impediment was allegedly operational at both points in time. Petitioner's allegations do not establish that an unconstitutional State-created impediment prevented his filing a timely habeas petition, and the "restart" provision of section 2244(d)(1)(B) is inapplicable.

Petitioner's federal habeas petition is untimely and must be dismissed.

8

*Conclusion*

Respondent's motion to dismiss (Docket Entry No. 9) is GRANTED, and this lawsuit is DISMISSED WITH PREJUDICE as barred by limitations.  Any and all pending motions are DENIED AS MOOT.  A certificate of appealability is DENIED.

Signed at Houston, Texas on January 31, 2017.

_____
Gray H. Miller
United States District Judge